IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. RICHARD ALBANY GOODE

**Appeal from the Circuit Court for Blount County**
**No. C-13653      D. Kelly Thomas, Jr., Judge**

---

**No. E2002-01228-CCA-R3-CD**
**April 2, 2003**

---

Richard Albany Goode, convicted upon his guilty plea of statutory rape, appeals from the Blount County Circuit Court's imposition of a two-year incarcerative sentence. He claims he should have received an alternative sentence. Because the appellate record does not contain evidence relied upon by the parties and the court at the sentencing hearing, we hold that the defendant has waived our review of his appellate issue. We therefore affirm the sentence imposed by the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mack Garner, Maryville, Tennessee (at trial) and Julie A. Rice, Knoxville, Tennessee (on appeal), for the Appellant, Richard Albany Goode.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Mike Flynn, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

        The defendant, who was 35 years old at the time of the offense herein, was charged with the rape of the 17-year-old victim. He went to trial on the charge, and the jury was unable to reach a verdict. Thereafter, he entered into a plea agreement with the state whereby he would enter a guilty plea to the offense of statutory rape with no agreement as to the sentence he would receive. The lower court then conducted a sentencing hearing. Following receipt of the evidence, the court determined that the defendant should serve a maximum, Range I sentence of two years for the Class E felony. Furthermore, the court determined that the defendant's poor prospects of rehabilitation warranted a sentence of confinement. The defendant then appealed, claiming that the lower court erred in denying alternative sentencing.

In undertaking appellate review, we immediately notice the absence of two critical documents from the appellate record. First, the parties and the court relied heavily on the evidence presented at the defendant's prior trial, yet no transcript or statement of the evidence from that trial has been included in the appellate record. Secondly, the record does not contain a sex offender evaluation report for the defendant. *See* Tenn. Code Ann. § 39-13-705 (Supp. 2002). We surmise from the record that this report was not prepared, contrary to statutory mandate. *See id.*

With respect to the evidence from the defendant's prior trial, the record reflects that the parties asked the court to rely on the testimonial evidence and exhibits presented at the defendant's prior rape trial. Furthermore, the record reflects that the court did so in arriving at its sentencing determination. Nevertheless, the defendant has not provided us with a transcript or statement of evidence from that trial or any exhibits received.

As we have said on occasions too numerous to count, the appealing party has an obligation to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the bases of the appeal. Tenn. R. App. P. 24(a); *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). The Sentencing Reform Act requires the trial court, in sentencing a defendant, to consider among other factors, "[t]he evidence, if any, received at the trial and the sentencing hearing," Tenn. Code Ann. § 40-35-210(b)(1) (1997), and this court's *de novo* review on the record requires us, as well, to consider these factors. *See generally* Tenn. Code Ann. § 40-35-401(d) (1997). The defendant's failure to present a transcript or statement of the evidence upon which the parties and the lower court relied at the sentencing hearing precludes our mandated *de novo* review. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody,* 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Thus prevented from reviewing the defendant's sentencing issue on its merits, we must affirm the two-year incarcerative sentence imposed by the lower court.

Additionally, we are compelled to note the absence of the statutorily required sex offender evaluation report from the appellate record. *See* Tenn. Code Ann. § 39-13-703(3)(F) (Supp. 2002) (includes statutory rape as a "sex offense" for purposes of the "Tennessee Standardized Treatment Program for Sex Offenders"). There is no evidence that the defendant actually underwent this evaluation. In fact, we assume the opposite inasmuch as the presentence report states that the defendant had not undergone the mandated evaluation at the time he was interviewed by the presentence report's author, and although the presentence report author gave the defendant information regarding whom to contact to complete the evaluation, the sentencing hearing transcript is devoid of any indication that the evaluation took place or that such report was submitted and considered by the lower court at sentencing.

The Criminal Code requires that "each sex offender who is to be considered for probation or any other alternative sentencing shall be required to submit to an evaluation for treatment, risk potential, procedures required for monitoring of behavior to protect victims and

potential victims, and an identification under the procedures developed pursuant to § 39-13-704(d)(1)." *See id.* § 39-13-705(a). Those who plead guilty without an agreement as to sentencing, like the defendant herein, are not excepted from the requirement. *See id.* § 39-13-705(b). To be sure, those who plead guilty with no agreement as to sentencing are to have the report of such evaluation attached to the presentence report. The report of the evaluation is to be considered by the sentencing court in determining certain sentencing issues, and the treatment plan recommended in the report must be made a condition of any alternative sentence granted. *Id.* The requirements of the statute are clear. If a sex offender is to be considered for an alternative sentence, such as the defendant herein seeks, he "shall" submit to the evaluation. *See id.* § 39-13-705(a).

The record in this case does not reflect that the defendant submitted to the evaluation, a requisite for consideration for probation or other alternative sentencing. Therefore, even if we had not disposed of the defendant's appeal via his failure to prepare a fair, accurate, and complete appellate record, we would be in a position to hold that the defendant cannot establish on appeal his claim to a non-incarcerative sentence because he failed to submit to the requisite sex offender evaluation and to ensure that the report generated therefrom was considered by the lower court in passing sentence on him.

Accordingly, we affirm the judgment of the Blount County Circuit Court which ordered a two-year incarcerative sentence for the defendant's statutory rape conviction.

_____
JAMES CURWOOD WITT, JR., JUDGE